In re SNOWSHOE COMPANY, Debtor.

Civ. A. No. 88–0045–E

United States District Court,
N.D. West Virginia,
Wheeling Division.

May 11, 1991.

S. Franklin Burford, Elkins, W.Va., for debtor.

Michael L. Bray, Steptoe and Johnson, Clarksburg, W.Va., Trustee.

## MEMORANDUM

MERHIGE, District Judge, Sitting by Designation.

This is an appeal from an order entered by the Bankruptcy Court for the Northern District of West Virginia on January 13, 1988. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a) and will review the Bankruptcy Court's factual findings for an abuse of discretion and findings of law de novo. Appellee is principal shareholder in the debtor corporation, the Snowshoe Company ("Snowshoe"). Appellant is Snowshoe Bankruptcy Trustee Michael Bray. Appellant Burford argues that Bankruptcy Court Judge L. Edward Friend erred by failing to recuse himself from hearing the Snowshoe bankruptcy proceedings because of his prejudice and bias in favor of Appellee. Because this Court has reviewed the facts extensively in numerous related Snowshoe proceedings it will not belabor them again here.

## DISCUSSION

In this, as well as in several other Snowshoe-related actions, parties have questioned the propriety of Judge Friend's failure to recuse himself from the Snowshoe cases. Here, as elsewhere, Appellant Burford argues that Judge Friend was unfairly prejudiced in favor of Appellant Bray and that therefore Judge Friend should not have heard any of the Snowshoe bankruptcy proceedings. As elsewhere, the Court again concludes that Judge Friend's decision not to recuse himself was proper and well within the bounds of his discretion.

Beginning in 1976, Herbert G. Underwood, a partner in the law firm Steptoe & Johnson, represented Judge Friend in several related matters, one of which resulted in a jury verdict in favor of Judge Friend. One recent case included Underwood, as well as several other lawyers and judges, as co-defendants. Many of the cases had been appealed and Judge Friend was unsure of whether all had been completed. Judge Friend forthright acknowledged his bias in favor of the law firm when the law firm is an actual defendant. In a related Snowshoe case, Judge Friend recused himself because Steptoe & Johnson was a defendant, a party in interest, in the action. Appellant Burford contends that the relationship between Judge Friend and the law firm required Judge Friend to recuse himself.

■ The disqualification of judges is governed by 28 U.S.C. § 455 (1988), which provides in relevant part:

(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Appellant Burford asserts that Judge Friend should have recused himself from the Snowshoe bankruptcy proceedings under both 28 U.S.C. §§ 455(a)–(b). This Court will review Judge Friend's decision not to recuse himself with deference and will reverse that decision only upon a finding of an abuse of discretion. *United States v. Mitchell*, 886 F.2d 667, 671 (4th Cir.1989).

■ Appellant contends that Judge Friend should have recused himself pursuant to 28 U.S.C. § 455(a). Under this provision, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Rather than question whether a judge is impartial in fact, this inquiry focuses on "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *Aiken County v. BSP Div. of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir.1989). See *In re Beard*, 811 F.2d 818, 827 (4th Cir.1987). This provision, in essence, establishes an objective standard for recusal that turns on—and attempts to avoid—the appearance of impartiality regardless of its actual existence. The standard thus aims to insure the integrity of the courts and to perpetuate public respect for the judiciary. Appellant Burford asserts that during the pendency of this action, Judge Friend's relationship with Steptoe & Johnson and his recusal from a related Snowshoe matter, in which Steptoe & Johnson is a party defendant, conclusively establishes a "reasonable

question" regarding the judge's evenhandedness. This Court disagrees.

■ Appellant primarily asserts that an appearance of impartiality arises due to Steptoe & Johnson's prior—and perhaps continuing—representation of Judge Friend. The Fourth Circuit has stated that the representation of a party by a law firm that did legal work for a judge two years prior to the action before the judge would not create an appearance of partiality. See *In re Beard*, 811 F.2d 818, 831 (4th Cir. 1987). Substantial contact between a judge and a law firm, of course, could give rise to such an appearance. For example, in *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1112 (5th Cir.1980), the Fifth Circuit held that a judge's relationship with a law firm disqualified him from hearing a case in which the law firm represented the plaintiff. During the pendency of that case, plaintiff's counsel concurrently was representing the judge in several unrelated matters. In addition, the judge in that case was a former law partner of plaintiff's counsel and was involved in several ongoing business ventures with plaintiff's counsel. *Id.* at 1107. See also *SCA Servs., Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir.1977) (requiring recusal where judge's brother was a lawyer in the firm representing a party because the "appearance of partiality begins with the natural assumption that brothers enjoy a close personal and family relationship and, consequently, would be inclined to support each other's interests").

■ In this case, Judge Friend's relationship with Steptoe & Johnson, although significant, does not rise to the level necessary to find an abuse of discretion in his denial of the motion to recuse. Steptoe & Johnson had represented Judge Friend prior—and perhaps during—this action, but Judge Friend was unaware of the continuing nature of the representation. In addition, Judge Friend had been represented by Herbert Underwood, not by Trustee Bray. In fact, Appellant has neither shown nor even alleged a relationship between Judge Friend and Bray. Judge Friend's relationship with Steptoe & Johnson certainly fails to demonstrate the close and ongoing con-

tact that the Fifth Circuit, in *Potashnick, supra,* found would create a reasonable question as to a judge's ability to be impartial. This Court finds that neither does it reach a lesser standard that required Judge Friend's recusal.

More troubling is Judge Friend's acknowledgement of bias where Steptoe & Johnson is a party and his recusal from a case in which Steptoe & Johnson was a defendant. These actions conceivably could give rise to a question regarding Judge Friend's impartiality where Steptoe & Johnson (or one of its attorneys) comes before him in a representative capacity. This Court, however, concludes that such a question, though a possibility, is neither probable nor *reasonable* within the meaning of the statute. Objective observers— as well as reasonable judges—must be able to distinguish a judge's feelings of respect or animosity for an attorney from his or her attitude toward the merits of the arguments that the attorney puts forward. Only where that respect or animosity would affect a judge's decision making regarding the parties would it give the appearance of impartiality that requires recusal. In *In re Beard,* 811 F.2d 818, 830 (4th Cir.1987), the Fourth Circuit recognized that "[b]ias against an attorney is not enough to require disqualification under § 455 unless petitioners can show that such a controversy would demonstrate a bias against the party itself." Judge Friend's acknowledged bias in favor of Steptoe & Johnson, where that law firm is a party defendant, therefore would not give rise to a reasonable question of his impartiality where the law firm appears before him in a representative capacity.

Appellant also asserts that Judge Friend should have recused himself pursuant to 28 U.S.C. § 455(b), which requires recusal where a judge has "a personal bias or prejudice concerning *a party* ..." (emphasis added). In other words, this provision requires recusal where a judge is actually prejudiced. To be actionable, "[t]he alleged bias must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter." *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). This provision, in some sense simply a specific application of § 455(a), focuses on the judge's relationship with the parties to an action. Appellant asserts that because Judge Friend acknowledged his bias in favor of Steptoe & Johnson when the law firm was a defendant, it is axiomatic that the judge harbors a similar bias in favor of Steptoe & Johnson when it or one of its partners is a plaintiff. This may be so. However, characterizing Appellee Michael Bray as a plaintiff, appellant misconstrues Bray's capacity in this action. Bray comes to this action in a *representative capacity,* as the estate trustee for Snowshoe. In other words, Appellee Bray's position is roughly analogous to that of an attorney—not a party—acting on behalf of a client.

Although Judge Friend has expressed a bias in favor of Steptoe & Johnson when it appears as an interested party, this bias need not alter Judge Friend's fair decision making each time that Steptoe & Johnson represents a client before him. The Fourth Circuit has recognized that a judge's bias against an attorney need not harm the judge's sound decision making. See *In re Beard,* 811 F.2d 818, 830 (4th Cir.1987). Similarly, a judge's bias in favor of an attorney need not affect the judge's ability to decide cases fairly where that attorney represents one of the parties to the action but is not otherwise an interested party. As a result, this Court respects Judge Friend's own opinion that he could hear this case fairly and concludes that Appellant has failed to display the actual prejudice necessary to show that Judge Friend abused his discretion under 28 U.S.C. § 455(b) (1988).

## CONCLUSION

For the foregoing reasons this Court should and will affirm the decision of the Bankruptcy Court below.

An appropriate Order will issue.